IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

ERIC MENDOZA,

                                        Plaintiff,

              v.                                        Civil Action No.
                                                        9:05-CV-1124 (TJM/DEP)


M. McGINNIS, Superintendent, Southport Correctional
Facility, *et al.*,

                                        Defendants.
_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

ERIC MENDOZA, *Pro Se*


FOR DEFENDANTS:

HON. ANDREW M. CUOMO                    SENTA B. SIUDA, ESQ.
Office of the Attorney General          Assistant Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

        Plaintiff Eric Mendoza, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging deprivation of his civil rights. In his complaint, plaintiff asserts that he was denied adequate medical treatment at two of the prison facilities in which he was housed at the relevant times, in violation of his right under the Eighth Amendment to be free of cruel and unusual punishment.  Plaintiff's complaint seeks recovery of damages in an amount not less than six million dollars.

In response to plaintiff's complaint the defendants who, to date, have appeared in the action have moved seeking its dismissal for failure to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.  Alternatively, defendants request the entry of an order requiring the plaintiff to file a more definite statement of his claims, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

Because I find that plaintiff's complaint adequately apprises the defendants of the bases for his claims against them, and therefore satisfies the requirements of Rule 8, and that while it does fail to comply technically with the paragraph numbering requirements of Rule 10 defendants nonetheless can frame a responsive pleading by treating each of the unnumbered and improperly joined allegations of fact separately, I

recommend that defendants' motion be denied.  Having found, however, that plaintiff has failed to effectuate service upon several of the named defendants, despite the pendency of this action for some seventeen months, I further recommend that the court dismiss plaintiff's complaint as against those defendants, *sua sponte*, without prejudice.

I.      BACKGROUND

Plaintiff is a prison inmate entrusted to the custody of New York State Department of Correctional Services ("DOCS").  On August 2, 2003, while confined within the Southport Correctional Facility ("Southport"), located in Pine City, New York, plaintiff suffered an accident, falling in a shower area within the facility, while handcuffed.  As a result of that incident Mendoza suffered injuries to his ankles, the left side of his head, the right side of his shoulder, and his lower back, as well as a broken tooth.  According to the plaintiff, subsequent efforts while at Southport, and later following his transfer into the Auburn Correctional Facility ("Auburn"), to obtain adequate medical treatment for his conditions, and in particular his back injury, broken tooth, and resulting migraine headaches, were unsuccessful.

II.     PROCEDURAL HISTORY

3

Plaintiff commenced this action on September 7, 2005, and was thereafter granted leave to proceed *in forma pauperis*.  Dkt. Nos. 1, 6. Plaintiff's complaint alleges defendants' deliberate indifference to his medical needs, both at Southport and later at Auburn, and additionally asserts that while at Southport he was administered medication meant for another inmate.[1]  Named as defendants in plaintiff's complaint are various DOCS employees stationed at either Southport or Auburn, including M. McGinnis, the Superintendent at Southport; John W. Burge, the Auburn Superintendent; Dr. Kooi, a prison doctor employed at Auburn; J. Scobble, T. Whendon, (f/n/u) Preiser, B. Brandt and P. Miller, all alleged to be registered nurses employed by the DOCS at Southport, and a John Doe defendant, described by the plaintiff as a corrections sergeant at Southport.

Following the return of executed acknowledgment of service forms by defendants McGinnis, Burge, Kooi and Brandt, those defendants filed a motion on March 20, 2006 seeking dismissal of plaintiff's complaint.  Dkt.

---

[1]      In his response to defendants' motion, plaintiff appears to expand his claim considerably, to now challenge the propriety of the DOCS practice of taking prisoners to showers with their hands restrained behind their backs.  *See* Mendoza Aff. (Dkt. No. 35) ¶ 3(e)-(p).  This claim, however, is nowhere contained in plaintiff's complaint and, accordingly, absent amendment (which plaintiff has sought), is not currently raised in this action.

4

No. 27.  In their motion, defendants assert plaintiff's failure to comply with

the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil

Procedure, and specifically his failure to organize his complaint in

separately numbered paragraphs, as a basis for dismissal.  In the

alternative, those defendants seek an order pursuant to Rule 12(e) of the

Federal Rules of Civil Procedure, requiring plaintiff to provide a more

definite statement of his claims.

Defendants' motion, which plaintiff has opposed, *see* Dkt. No. 35,

has been referred to me for the issuance of a report and recommendation,

pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York

Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

A.   Rule 8

Rule 8 of the Federal Rules of Civil Procedure, which sets forth the

general pleading requirements applicable to complaints filed in the federal

courts, requires that at a minimum, such a pleading include "a short and

plain statement of the claim showing that the pleader is entitled to relief[.]"

Fed. R. Civ. P. 8(a); *see In re WorldCom, Inc.*, 263 F. Supp.2d 745, 756

(S.D.N.Y. 2003).  A court's determination as to the sufficiency of a

complaint must take into consideration the fact that the governing

pleading rules ordinarily require only that a defendant be afforded "fair

notice of what the plaintiff's claim is and the grounds upon which it rests."

*Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957); *see Phillips

v. Girdich*, 408 F.3d 124, 127-29 (2d Cir. 2005); *In re Ferro Corp. ERISA

Litig.*, 422 F.Supp.2d 850, 857 (N.D. Ohio 2006).  This standard, though

unexacting, nonetheless requires that a complaint contain "more than the

bare assertion of legal conclusions."  *In re Cardinal Health, Inc. ERISA

Litig.*, 424 F.Supp.2d 1002, 1015 (S.D. Ohio 2006) (citing *Allard v.

Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)); *see also In re Polaroid

ERISA Litig.*, 362 F. Supp.2d 461, 470 (S.D.N.Y. 2005).

In the end, Rule 8 contemplates only notice pleading; under the

rule's mandates, a complaint must sufficiently apprise a defendant as to

the nature of plaintiff's claims with sufficient clarity to allow that defendant

to answer and prepare for trial.  *Salahuddin v. Cuomo*, 861 F.2d 40, 42

(2d Cir. 1988).  To the extent that greater detail is required in order to

effectively defend against such claims, "it is the role of the litigation tools

of discovery and summary judgment to weed out unmeritorious suits."  *In

re Natural Gas Commodity Litig.*, 337 F. Supp.2d 498, 506 (S.D.N.Y.

2004) (citation omitted).

The complaint in this action more than amply satisfies the notice pleading requirements of Rule 8.  Plaintiff's complaint sets out claims of deliberate indifference to his serious medical needs, alleging both the denial of treatment and medication for his back injury, migraines, and broken tooth, as well as that he was mistakenly administered medication meant for another inmate.  Plaintiff's complaint also sets out allegations which disclose the specifics of his claims against each of the various named defendants.  Under these circumstances, I find no basis to dismiss plaintiff's complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.[2]

B.    Rule 10

Federal Rule of Civil Procedure 10, which imposes a requirement whose intent is largely pragmatic, requires, among other things, that a pleading consist of separately numbered paragraphs "each of which shall be limited as far as practicable to a statement of a single set of

---

[2]    Based upon my finding that his complaint adequately apprises the defendants of the basis for his claims against them, I am not inclined to recommend that plaintiff be required to provide a more definite statement of his claims.  *See*, *e.g.*, *Ragsdale v. Classroom Teachers of Dallas*, Civ. Action Nos. 3:06-CV-863-H, 3:06-CV-870-D, 2007 WL 426637, at *5-*6 (N.D. Tex. Feb. 5, 2007).

circumstances[.]"  Fed. R. Civ. P. 10(b).  Rule 10(b) is designed to assist litigants and the court by allowing the interposition of a responsive pleading and the corresponding framing of issues with sufficient clarity to allow an orderly and meaningful presentation of a plaintiff's claims and any corresponding defenses, either on motion or at trial.  *See Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (Munson, S.J.).

Analysis of plaintiff's amended complaint, in the face of defendants' motion, is informed not only by the salutary purposes to be served by these pleading requirements, but additionally by two equally important principles.  First, it is a well established requirement that a complaint prepared by a *pro se* litigant should be liberally construed in his or her favor.  *Salahuddin*, 861 F.2d at 42-43.  Second, courts generally favor adjudication of cases on their merits, rather than on the basis of a technicality or procedural nicety.  *Id.* at 42; *see also Zdziebloski v. Town of East Greenbush, New York*, 101 F.Supp.2d 70, 72 (N.D.N.Y. 2000) (Kahn, J.) (citing *Salahuddin*); *Upper Hudson Planned Parenthood, Inc. v. Doe*, 836 F.Supp. 939, 943 n.9 (N.D.N.Y. 1993) (McCurn, S.J.).

It is undeniably true, in a technical sense, that plaintiff's complaint does not faithfully adhere to the mandates of Rule 10, since portions of it,

and in particular paragraph twelve, are lengthy and appear to represent amalgamations of multiple allegations organized in groupings of sentences which, under Rule 10, should be separately numbered. Nonetheless, the clarity and succinctness with which the plaintiff has stated his claims exceeds the norm, in comparison to the *pro se* complaints generally filed with the court.  And, while not demeaning the importance of the paragraph numbering requirement of Rule 10, I find that a meaningful responsive pleading can adequately be framed by the defendants by means such as considering each of the separate sentences in paragraph twelve, and any other unduly compounded paragraphs, as subparagraphs, and answering them accordingly.

In consideration of plaintiff's *pro se* status, and in order to move this case forward toward resolution, I recommend that defendants' motion to dismiss for failure to comply with Rule 10 of the Federal Rules of Civil Procedure be denied.

C.   <u>Failure to Serve</u>

This action was filed in September of 2005.  Since that time, plaintiff has failed to take measures necessary to effectuate service of the summons and complaint upon several of the defendants, including J.

9

Scobble, T. Whendon, (f/n/u) Preiser, and P. Miller.

Rule 4(m) of the Federal Rules of Civil Procedure authorizes dismissal of claims against a defendant upon whom a summons and complaint is not served within 120 days after filing of the complaint, absent a showing of good cause.[3]   Fed. R. Civ. P. 4(m); *Shuster v. Nassau Cty.*, No. 96 Civ. 3635, 1999 WL 9847, at *1 (S.D.N.Y. Jan. 11, 1999) (Rule 4(m) authorizes dismissal where no service occurs within 120 days after filing of the complaint); *Romand v. Zimmerman*, 881 F. Supp. 806, 809 (N.D.N.Y. 1995) (McAvoy, C.J.) (120-day period for service of a summons and complaint by a plaintiff under Fed. R. Civ. P. 4(m) applies to *pro se* plaintiffs as well as those represented by counsel).  Inasmuch as the four defendants referenced above have not been served or otherwise appeared in the action within the appropriate time period, this court has never acquired jurisdiction over them, and plaintiff's complaint should be dismissed as against those defendants on the basis of that failure.  *See, e.g.*, Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 709 F. Supp. 1279, 1282 (S.D.N.Y. 1989) (citing *Mississippi Publishing Corp. v.*

---

[3]     That period is further restricted by the local rules of this court, which require that service be effectuated within sixty days of commencement.  *See* Northern District of New York Local Rule 4.1(b).

*Murphree*, 326 U.S. 438, 444-45, 66 S. Ct. 242, 245-46 (1946)) (court lacks jurisdiction until defendants properly served with summons and complaint).

IV.    SUMMARY AND RECOMMENDATION

Plaintiff's complaint, while concisely and with some degree of specificity describing the basis for his claims and the alleged involvement by each of the named defendants in the constitutional violations alleged, does not satisfy the technical requirements of Rule 10 of the Federal Rules of Civil Procedure, in that some of the paragraphs are unduly lengthy and have not been broken out into separately numbered statements of facts.  Nonetheless, I find that it is possible, without undue burden, for the defendants to frame a responsive pleading to plaintiff's complaint.  On that basis, and particularly in view of plaintiff's *pro se* status and the preference for deciding cases on their merits rather than on the basis of technical shortcomings, I recommend that defendants' motion to dismiss or, alternatively, for a more definite statement of plaintiff's claims, be denied.  I do, however, recommend *sua sponte* that plaintiff's claims against those defendants who have been named in his complaint but not yet served be dismissed for failure to comply with Rule 4(m) of the

11

Federal Rules of Civil Procedure.

Based upon the foregoing, it is hereby

RECOMMENDED, that defendants' motion to dismiss plaintiff's complaint or, in the alternative, for an order directing him to file a more definite statement of his claims (Dkt. No. 27) be DENIED; and it is further

RECOMMENDED, that plaintiff's claims in this action against defendant J. Scobble, T. Whendon, (f/n/u) Preiser, and P. Miller, be DISMISSED, without prejudice, based upon his failure to serve those defendants within the time period specified in Rule 4(m) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

The clerk is directed to promptly forward copies of this order to the

parties in accordance with this court's local rules.

Dated:     February 22, 2007
           Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\prisoner\mendoza.wpd

13